UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23371-BLOOM/Louis

BELKIS HERNANDEZ,

    Plaintiff,

v.

INTEGON NATIONAL INSURANCE
COMPANY and CIT GROUP, INC. d/b/a
CIT BANK, N.A. f/d/b/a FINANCIAL
FREEDOM, a division of CIT BANK, N.A.,

    Defendants.
                                        /

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant CIT Bank, N.A.'s ("CIT") Motion to Dismiss the Complaint, ECF No. [8] ("CIT's Motion"), and Defendant Integon National Insurance Company's ("Integon") Motion to Dismiss Plaintiff's Complaint or, Alternatively, Motion to Strike Plaintiff's Demand for Attorneys' Fees, ECF No. [9] ("Integon's Motion"), (collectively, the "Motions"). Plaintiff Belkis Hernandez ("Plaintiff") filed a consolidated Amended Response in Opposition to both Motions, ECF No. [22] ("Response"). Integon thereafter replied, ECF No. [23] ("Reply"). The Court has carefully reviewed the Motions, all opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted, and Plaintiff is granted leave to amend.

**I. BACKGROUND**

Plaintiff initiated this breach of insurance contract action against Defendants[1] in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, on June 24, 2020. ECF No. [4-

---

[1] CIT and Integon will be collectively referred to as "Defendants" for the remainder of this Order.

3] ("Complaint"). Defendants jointly removed this action to federal court on August 13, 2020, on the basis of diversity jurisdiction. ECF No. [1]. Plaintiff's Complaint asserts one count for breach of contract, based on the following alleged facts:

Plaintiff owns the property and resides at 6566 Southwest 35th Street, Miami, Florida 33155 (the "Property"). ECF No. [4-3] at 1, ¶ 3. Integon issued an Insurance Policy, *id.* at 5-25 ("Insurance Policy" or "Policy"), to insure the Property. *Id.* at 2, ¶ 8. At all relevant times, "in consideration of a premium paid by Plaintiff, the Policy was in full force and effect." *Id.* at 2, ¶ 9.

On September 10, 2017, the Property suffered severe damage (the "Loss") from water discharge and overflow, and Plaintiff thereafter submitted a claim under the Policy for the damage sustained in the Loss. *Id.* at 2, ¶¶ 10-11. "Defendant has admitted that the Loss is covered and has made a partial payment under the Policy." *Id.* at 2, ¶ 12. Integon nonetheless failed to provide Plaintiff with coverage under the Policy for the remainder of the damages. *Id.* at 2, ¶ 13.

Moreover, the Complaint realleges all the general factual allegations in its breach of contract claim, and sets forth the following additional allegations in support of her claim:

> 17. The Policy is a valid written contract between Plaintiff and Integon, wherein Plaintiff agreed to pay a premium and Integon agreed to insure the Property.
> 18. Plaintiff paid all premiums due under the Policy and fully performed her obligations under the Policy.
> 19. Under the Policy, Integon was obligated to pay the claim for damages, which were covered by the Policy.
> 20. Integon has refused to pay the full amounts due for the damages under the Policy.
> 21. Integon breached the contract by repudiating its obligations to Plaintiff and denying Plaintiff the benefits of the policy.
> 22. At all times material hereto, Plaintiff have satisfied all post-loss obligations under the Policy.
> 23. As a result of Integon's breach of the contract, Plaintiff has suffered and continues to suffer damages.
> WHEREFORE, Plaintiff respectfully requests this Honorable Court award a judgment for damages against Integon National Insurance Company and CIT GROUP INC. d/b/a CIT Bank, N.A f/d/b/a Financial Freedom, a division of CIT

> Bank, N.A. for breaching the contract by wrongfully denying coverage and payment under the Policy and for any additional relief as permitted by law and as this Court deems appropriate, including interest, costs, attorney's fees pursuant to Florida Statutes §§ 626.9373 or 627.428, and all equitable remedies or other relief that may be appropriate.

*Id.* at 2-3, ¶¶ 17-23.

Upon removing this case to federal court, Defendants filed their respective Motions arguing that Plaintiff's Complaint should be dismissed. CIT argues that Plaintiff fails to state a claim for breach of contract against CIT because the Complaint is devoid of any facts or substantive allegations concerning CIT's alleged breach of contract. Integon argues that the Complaint must be dismissed for failure to state a claim because Plaintiff is not a party to the Policy, and thus has no rights under the Policy as an insured, an intended third-party beneficiary, or a simple loss payee. In addition, Integon seeks to strike Plaintiff's demand for attorneys' fees because she is not entitled to recover fees under either provision cited. Specifically, Integon contends that § 626.9373, Fla. Stat., is inapplicable because Integon did not provide insurance coverage as a surplus lines carrier and that Plaintiff is also precluded from claiming fees pursuant to § 627.428, Fla. Stat., because the Policy establishes that Plaintiff is not a named insured, additional insured, named beneficiary, or omnibus insured under the Insurance Policy.

In her consolidated Response, Plaintiff submits a plethora of different arguments for why her Complaint should not be dismissed. In response to Integon's Motion, Plaintiff argues that she is an intended beneficiary under the Policy because she is listed as the borrower in the contract, she is a loss payee under a provision of the Policy, and she has an insurable interest in the Property and is thus a third-party beneficiary to the Policy, each of which support her claim for breach of contract in this case. Plaintiff requests leave to amend her Complaint, should this Court disagree. With regard to Integon's request to strike the demand for attorneys' fees, Plaintiff maintains that she should be allowed to amend her Complaint to assert a claim as a third-party beneficiary, which

Case 1:20-cv-23371-BB   Document 28   Entered on FLSD Docket 11/10/2020   Page 4 of 10

Case No. 20-cv-23371-BLOOM/Louis

would entitle her to seek fees, and notes that she could recover fees as an insured or an omnibus insured under § 627.428, based on the Policy provision designating her as a loss payee.

Integon replies that Plaintiff's Complaint fails to state a claim for any of the theories Plaintiff sets forth in her Response, and her failure to plead any facts to support her status as a third-party beneficiary or a simple loss payee warrants dismissal. Moreover, Integon argues that Plaintiff is not entitled to attorneys' fees because the Insurance Policy expressly sets forth her limited rights as a simple loss payee and any contention that Plaintiff is an insured, an omnibus insured, and/or a named beneficiary is "borderline frivolous." ECF No. [23] at 4.

Curiously, Plaintiff fails to address any of the arguments in CIT's Motion regarding the insufficiency of the allegations as currently pled. Nonetheless, Plaintiff seeks leave to amend her Complaint to assert a claim for declaratory relief against CIT to determine their respective rights under the Policy.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required

to survive a Rule 12(b)(6) motion, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in plaintiff's favor. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). Yet, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Indeed, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). On a Rule 12(b)(6) motion, courts are generally limited to the facts alleged in the complaint and attached exhibits. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002))).

### III. DISCUSSION

In their Motions, Defendants both argue that the Court should dismiss Plaintiff's Complaint due to her failure to sufficiently allege facts to support a claim for relief on a breach of contract action. The Court agrees and, upon review, addresses the glaring pleading deficiencies throughout the Complaint.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "A

party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are sometimes referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

> The Court of Appeals for the Eleventh Circuit has explained:
>
> [t]hough the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot— is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321-23; *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348 (11th Cir. 2018). Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006); *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 205 F.3d 1293, 1295 (11th Cir. 2002) (explaining that a shotgun pleading is one that contains "several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions"); *Pelletier v. Zweifel*, 921 F.2d 1465, 1517-18 (11th Cir. 1991) (describing such pleadings as "replete with factual allegations that could not possibly be material to any of the causes of action they

assert"); *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions"); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count).

"Generally, when 'a more carefully drafted complaint' might state a claim, the plaintiff must be given a chance to amend before dismissal." *Hollis v. W. Acad. Charter, Inc.*, 782 F. App'x 951, 955 (11th Cir. 2019) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). "However, the district court need not provide such an opportunity where the plaintiff has repeatedly failed to cure deficiencies in his complaint through previous amendments or where amendment would be futile." *Id.* (quoting *Bryant*, 252 F.3d at 1163). As such, dismissal of a shotgun pleading with prejudice for a repeated pleading defect is warranted where the plaintiff was previously given an opportunity to amend the complaint to correct the defect, but failed to do so. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000); *Isbrandtsen Marine Servs., Inc. v. M/V INAGUA Tania*, 93 F.3d 728, 734 (11th Cir. 1996).

The Court concludes that Plaintiff's Complaint fails to set forth her breach of contract claim in accordance with federal pleading standards. In particular, the Complaint falls into multiple shotgun pleading categories because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *Weiland*, 792 F.3d at 1322-23, it "fails to separate into a different count each cause of action; [and it] asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act," *Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). "Although the [] complaint enumerates the legal rights of which [Plaintiff] was allegedly deprived . . . it does not separate [her] claims by

7

cause of action [or] draw any clear lines between the legal and factual bases for [her] claims[.]" *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019).

Notably, aside from the jurisdictional allegations, the Complaint is entirely devoid of any factual allegations concerning CIT, and it fails to set forth any basis for CIT's purported breach of contract. *See generally* ECF No. [4-3]. Nonetheless, Plaintiff's lone count for breach of contract is seemingly asserted against both Defendants, as evidenced by CIT's ultimate inclusion in the wherefore clause. There are no allegations in the Complaint that would sufficiently notify CIT of the claims against which it must defend in this case.

Moreover, to the extent that Plaintiff's Response tries to argue that the Complaint sufficiently alleges numerous different theories of contractual liability (i.e., named insured, third-party beneficiary, and simple loss payee), this assertion of "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against" is improper. *Weiland*, 792 F.3d at 1323.

In addition, Plaintiff's Complaint is replete with contradictory allegations, when read alongside the Insurance Policy attached as an exhibit to her Complaint. Indeed, even a cursory review of the Insurance Policy belies any argument of a plausible right to relief, as currently pled. Instead, the Policy, which is issued by Integon, has a header stating, "NOTICE OF LENDER-PLACED INSURANCE," and is titled "Residential Property Hazard Insurance." ECF No. [4-3] at 7. Moreover, the Policy explicitly makes the distinction between who the "NAMED INSURED" is and who the "BORROWER" is—listing "Financial Freedom, a division of CIT Bank, N.A." as the "NAMED INSURED" and "Belkis Hernandez" as the "BORROWER." *Id.* This distinction is critical, in light of the paragraph immediately following the Policy details, which states:

> The NAMED INSURED has purchased insurance on the DESCRIBED LOCATION for the amount and premium indicated above.

8

> The contract of insurance is only between the NAMED INSURED and Integon National Insurance Company. There is no contract of insurance between the BORROWER and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect BORROWER'S interest in the property.

*Id.*

Based on the Policy provisions cited above, it is evident that the Complaint fails to even present consistent or clear allegations across the pleading itself and the attached exhibit. As pled, Plaintiff's Complaint fails to give Defendants sufficient notice of the claims asserted against them or the factual foundations underlying those claims. Indeed, Plaintiff's Response to the Motions perfectly embodies the Court's conclusion that the Complaint is a shotgun pleading by arguing, without any citation to supporting allegations within the Complaint, that she can assert a claim for breach of contract against Integon as an insured, an intended beneficiary, a simple loss payee, and/or a third-party beneficiary, ECF No. [22] at 4-6, with an entitlement to recover statutory attorneys' fees "as an insured or omnibus insured or named beneficiary," *id.* at 7-8; and that she can likewise assert a claim for declaratory relief against CIT if permitted to amend to establish her rights under the Policy, *id.* at 6-7.

The Court concludes that the Complaint in this case is clearly an unacceptable shotgun pleading, given the numerous and significant issues addressed above. *See Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)). As such, Defendants' Motions must be granted. Nevertheless, as Plaintiff requests leave to amend to cure these blatant deficiencies and as this is the first such amendment, the Court will grant Plaintiff's request.

However, the Court strongly cautions Plaintiff that no further amendments will be permitted, should she fail to cure the pleading deficiencies discussed in this Omnibus Order.[2]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. CIT's Motion, **ECF No. [8]**, is **GRANTED**.

2. Integon's Motion, **ECF No. [9]**, is **GRANTED**.

3. Plaintiff's Complaint, **ECF No. [4-3]**, is **DISMISSED**. Plaintiff may file an Amended Complaint consistent with the instructions set forth in this Omnibus Order **by no later than November 20, 2020**. Plaintiff's failure to timely file an Amended Complaint will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 6, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] "When the amended complaint still fails to cure the deficiency, it may be subject to dismissal." *Embree*, 779 F. App'x at 662; *see also Weiland*, 792 F.3d at 1320 (recognizing that a district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss with prejudice a complaint that is a shotgun pleading); *Jackson*, 898 F.3d at 1358 (Implicit in a district court's order to replead is the "notion that if the plaintiff fails to comply with the court's order . . . the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions" (quotations omitted)).